1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY MUNOZ (3),

Defendant.

Case No. 22-CR-2487-BAS-3

PRELIMINARY ORDER OF
CRIMINAL FORFEITURE

WHEREAS, in the Superseding Information, the United States sought forfeiture of all right, title and interest in specific properties of Defendant ANTHONY MUNOZ ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) as properties constituting, or derived from any proceeds the defendant obtained, directly or indirectly, as the result of the offenses, and any and all properties used or intended to be used in any manner or part to commit and to facilitate the commission of the violations of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in the Superseding Information; and

WHEREAS, on or about December 11, 2023, Defendant pled guilty before District Judge Cynthia Bashant to Count 1 of the Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information and agreement to forfeiture of all properties seized in connection with the case, including but not limited to the following:

a. One (1) Blue and Black Samsung Smart Phone (IMEI: 359823613903105);

b. One Black TCL Smart Phone (Model: A509DL; TF PN: GPALA509DCGB; FCC ID: 2ACCJH131; HAC: M3/T3; IMEI: 015858001963200);

c. One (1) Grey Samsung Smart Phone (IMEI: 350336268398629);

d. One (1) Polymer 80, 9mm Firearm; and

WHEREAS, the One (1) Polymer 80, 9mm Firearm is currently in the custody of the Las Vegas Police Department; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offense set forth in the Superseding Information to which Defendant has pled guilty; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      Based upon the guilty plea of the Defendant to Count 1 of the Indictment, all right, title and interest of Defendant ANTHONY MUNOZ in the One (1) Polymer 80, 9mm Firearm which is currently in the custody of the Las Vegas Police Department, is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2). The Court further orders that the Las Vegas Police Department shall dispose of the firearm according to law, when no longer needed as evidence.

2.      Based upon the guilty plea of the Defendant to the Superseding Information, the United States is hereby authorized to take custody and control of the electronic

1   equipment and all right, title, and interest of Defendant ANTHONY MUNOZ in it are
2   hereby forfeited to the United States pursuant to Title 21, United States Code, Sections
3   853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions
4   of 21 U.S.C. § 853(n).

5       2.      The aforementioned forfeited assets are to be held by the Drug Enforcement
6   Administration in its secure custody and control.

7       3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
8   begin proceedings consistent with any statutory requirements pertaining to ancillary
9   hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the
10  Court deems appropriate only upon the receipt of timely third-party petitions filed with the
11  Court and served upon the United States.  The Court may determine any petition without
12  the need for further hearings upon the receipt of the Government's response to any petition.
13  The Court may enter an amended order without further notice to the parties.

14      4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of
15  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
16  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the
17  United States forthwith shall publish for thirty (30) consecutive days on the Government's
18  forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States'
19  intent to dispose of the properties in such manner as the Attorney General may direct, and
20  notice that any person, other than the Defendant, having or claiming a legal interest in the
21  above-listed forfeited properties must file a petition with the Court within thirty (30) days
22  of the final publication of notice or of receipt of actual notice, whichever is earlier.

23      5.      This notice shall state that the petition shall be for a hearing to adjudicate the
24  validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner
25  under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,
26  title, or interest in the forfeited properties and any additional facts supporting the
27  petitioner's claim and the relief sought.

28

1       6.      The United States shall also, to the extent practicable, provide direct written

2   notice to any person known to have alleged an interest in the properties that is the subject

3   of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to

4   those persons so notified.

5       7.      Upon adjudication of all third-party interests, this Court will enter an

6   Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned

7   assets, in which all interests will be addressed.

8       8.      Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to

9   the Defendant at the time of sentencing and is part of the sentence and included in the

10  judgement.

11      **IT IS SO ORDERED.**

12      **DATED:** 6/10/24

13                                                  Honorable Cynthia Bashant

14                                                  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28